WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Danny Miller, | ) | No. cv-07-2536-PHX-ROS |
|     Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| John E. Potter, | ) ) | |
|     Defendant. | ) ) ) | |

Pending before the Court is Defendant's Motion to Dismiss Case for Lack of Jurisdiction (Doc. 17). For the reasons discussed herein, Defendant's Motion shall be denied.

### BACKGROUND

Plaintiff Danny Miller is a mail carrier for the United States Postal Service in Phoenix Arizona. On October 2, 2006, he submitted a request for accommodation to the Postal Service's medical unit to and his immediate supervisor. Plaintiff requested light work duty, including that he be assigned to work indoors. Two days later, his supervisor replied in writing that Plaintiff's request could not be accommodated. That letter stated, in part, that:

> We will no longer be able to accommodate your restrictions as a letter carrier. We have recommended you to the District Reasonable Accommodations Committee ["DRAC"]. Your other options at this time are:
>     A) Request reassignment to a craft that can accommodate your permanent restrictions.
>     B) Bid to a route that you feel can be accommodated to your needs.

> C) Request Disability Retirement.
> You have 30 days from the date of this notice to make your decision and notify your manager. You may pursuer [sic] all of the options at one time, if that is something you would like to do.

Five months and four days (155 days) after receiving this correspondence, on or around March 7, 2007, Plaintiff contacted a Postal Equal Employment Opportunity ("EEO") counselor regarding his claim. He contended that based on his physical disability, he had been off work without pay since November 1, 2006. His counseling concluded on or about May 31, 2007, at which time the Postal EEO counselor issued Plaintiff a letter. In that letter the employment counselor stated:

> I will not make the decision on the acceptability of your complaint but, there is a possibility that, your claim(s) may be dismissed in accordance with 29 C.F.R. 1614.107 in that your claim has not been brought to the attention of an EEO Counselor in a timely manner.

It also advised Plaintiff of the opportunity to file a formal complaint, stating that "[i]f you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint."

Plaintiff initiated a formal administrative complaint before the Postal EEO Office on or about June 8, 2007, and filed his Complaint in this Court on December 14, 2007.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) allows a party to assert, by motion, the defense of lack of subject matter jurisdiction. When deciding such a motion, "it is well-settled that the complaint will be construed broadly and liberally, in conformity with the general principle set forth in Rule 8(f)." Wright & Miller, Federal Practice and Procedure § 1350 (2004). However, "once a factual attack is made on the federal court's subject matter jurisdiction, the district judge is not obliged to accept the plaintiff's allegations as true and may examine the evidence to the contrary and reach his or her own conclusions on the matter." Id. See also, Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987).

## ANALYSIS

Plaintiff's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) argues that Plaintiff's case must be dismissed due to his failure to timely exhaust his administrative

remedies. The Supreme Court has noted that there are certain preconditions attached to the right to seek review in a federal district court. "Initially the complainant must seek relief in the agency that has allegedly discriminated against him." Brown v. Gen. Serv. Admin., 425 U.S. 820, 832 (1976). See also, Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 623-24 (2006) (if an employee wishing to challenge an employment practice under Title VII of the Civil Rights Act of 1964 "does not submit a timely EEOC charge, the employee may not challenge that practice in court."); Sommatino v. United States, 255 F.3d 704, 709 (9th Cir. 2001) (substantial compliance with claim presentment requirements is necessary in order for the district court to have jurisdiction.).

A federal employee asserting discrimination on the basis of disability, among other things, "must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Accordingly, if Plaintiff's consultation with the EEO Counselor is deemed untimely, Plaintiff's suit cannot be maintained in this Court. The employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Because Plaintiff waited 157 days from the date of his alleged discrimination, Defendant argues, he did not timely exhaust his administrative remedies.[1]

However, Federal regulations provide for equitable tolling of the 45 day limit in circumstances where:

> the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contracting the counselor within the time limits, or for other reasons considered sufficient by the agency or the commission.

---

[1] Plaintiff's consultation with the EEO Counselor occurred 157 days after he requested accommodation on October 2, 2006 and 155 days after his supervisor first denied that request. It occurred 127 days after Plaintiff was allegedly placed on leave without pay. In this instance, which of these dates is the correct date from which to measure the beginning of the 45-day period is irrelevant.

29 C.F.R. § 1614.105(a)(2).  This doctrine has been applied where a claimant has shown that "she had neither actual nor constructive notice of the filing period."  Leorna v. United States Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997).  When, for instance, an employee consults counsel, they are deemed to have "constructive knowledge" of the filing period.  Stallcop v. Kaiser Foundation Hosp., 820 F.2d 1044, 1050 (9th Cir. 1987).[2]

Plaintiff did not consult a lawyer until well after he met with the EEOC counselor.  The question, then, is whether he was sufficiently informed of his rights.  Precedent suggests that the bar employers must meet in such regard is fairly low.  In Johnson v. Henderson, for instance, the court was troubled by misleading information in the "Learner's Workbook" for new employees.  However, because it also contained "a chart detailing the time limits for the various steps to be taken in filing an EEO complaint" which provided accurate information, the Court found that equitable tolling was not available.  314 F.3d 409, 415 (9th Cir. 2002).  The Second Circuit, the District of Oregon, and the District of Nevada have all ruled that the official EEO notices required by law to be found in workplaces are alone sufficient to inform employees of their rights.  Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 753 (2nd Cir. 1988); McCaw v. Potter, 2006 U.S. Dist. Lexis 61774, * 28 (D. Nev. 2006); Taylor v. W. Or. Elec. Coop., Inc., 2005 U.S. Dist. Lexis 27825,* 18 (D. Or. 2005).  Defendant has provided evidence that such poster was displayed as required in Plaintiff's workplace, and Plaintiff has not contested this fact.  Dft. Ex. 6.

However, as the Ninth Circuit noted, "[t]he case for leniency at the outset for an employee unschooled in the filing procedure and unable to articulate his employment discrimination charge can be compelling."  Cooper v. Bell, 628 F.2d 1208, 1213 (9th Cir.

---

[2] The related doctrine of equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit."  Santa Maria v. Pac Bell, 202 F.3d 1170, 1176 (9th Cir. 2000).  It requires a showing of "improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct."  Id.  Because Plaintiff has not attempted to make out a case that the Postal Service had an improper purpose or actual or constructive knowledge of deceptive conduct, that doctrine is not addressed here.

- 4 -

1980). And the doctrine of equitable tolling, at its heart, exists to give "courts latitude in a case-by-case analysis." Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir. 1992). The initial letter sent Plaintiff by his supervisor appears to the Court to be misleading in the extreme. It informs Plaintiff that his request has been forwarded to the District Reasonable Accommodations Committee ("DRAC"), implying ongoing action and consideration of Plaintiff's disability request. It then lays out three "other options," reasonably construed as exclusive, none of which even mentions the option to meet with an employment counselor, much less properly states it as a requirement if Plaintiff is to preserve his rights. Unlike in Johnson v. Henderson, this information is not counteracted by correct information in the same document, but merely by a poster posted somewhere at the workplace. Equitable tolling is appropriate where the Defendant, by affirmative misconduct, has "lulled the plaintiff into inaction." Baldwin Cty Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also, Wilkerson v. Siefried Ins. Agency, Inc., 621 F.2d 1042, 1044 (10th Cir. 1980); The letter Plaintiff received from his supervisor had exactly that effect.

Evidence of the letter's impact may be mitigated, however, by a letter Plaintiff sent to Cathy Spivey on May 8, 2007 informing her that he chose not to participate in the DRAC process as he had filed for a disability retirement. Dft. Ex. 10. He writes "[i]t was explained to me that once a person files for a disability retirement, the DRAC process stops," and adds "[t]o my knowledge, the DRAC process was never started in the first place because my light duty work request still has not been properly addressed." In that sense, the letter does, as Defendant alleges, undermine Plaintiff's contention that he had "remained at home waiting to hear from the DRAC."

However, it is significant that Plaintiff's letter is dated to May 8, almost two months after he sought employment counseling and likewise two months after he had obtained counsel to represent him, the person whom Plaintiff states informed him of the 45 day deadline and spurred him to seek employment counseling. There is no indication that Plaintiff's decision not to participate in the DRAC process was made prior to him seeking counsel and becoming informed of his rights.

Given the misleading and conflicting nature of the information given to Plaintiff by the Postal Service, equitable tolling is appropriate.

Accordingly,

**IT IS ORDERED** Defendant's Motion is **DENIED**.

DATED this 3rd day of March, 2009.

_____
Roslyn O. Silver
United States District Judge